IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL HOOVEN,<br>　　　　Plaintiff, | ) | |
| | ) | |
| | ) | |
| 　　v. | ) | Civil Action No. 2:26-cv-00542 |
| | ) | |
| MIRACLE MOVERS, INC.,<br>　　　　Defendant. | ) | |
| | ) | |
| | ) | DEFENDANT MIRACLE MOVERS, |
| | ) | INC.'S BRIEF IN SUPPORT OF ITS |
| | ) | MOTION TO DISMISS PURSUANT TO |
| | ) | FEDERAL RULES OF CIVIL |
| | ) | PROCEDURE 12(b)(2), 12(b)(3) AND |
| | ) | 12(b)(6) |
| | ) | |
| | ) | Filed on Behalf of Defendant: |
| | ) | **Miracle Movers, Inc.** |
| | ) | |
| | ) | Counsel of Record for This Party: |
| | ) | |
| | ) | Lee W. Davis, Esquire |
| | ) | Pa. I.D. No. 77420 |
| | ) | Law Offices of Lee W. Davis, Esquire, L.L.C. |
| | ) | 5239 Butler St., STE 201 |
| | ) | Pittsburgh, PA 15201 |
| | ) | Telephone:　　(412) 781-0525 |
| | ) | Fax No.:　　(412) 781-0527 |
| | ) | 　E-mail: lee@leewdavis.com |

TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. BACKGROUND ....................................................................................................2

III. THIS COURT LACKS PERSONAL JURISDICTION OVER MIRACLE MOVERS, INC. UNDER FED. R. CIV. P. 12(B)(2) ...............................................................5

IV. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST MIRACLE MOVERS, INC. UNDER FED. R. CIV. P. 12(b)(6) .................................................................8

    A.    THE PLAINTIFF PREVIOUSLY IDENTIFIED MIRACLE MOVERS OF PITTSBURGH, LLC, NOT MIRACLE MOVERS, INC., AS THE CONTRACTING AND MOVING PARTY ...........................................................8

    B.    COUNT TWO FAILS TO THE EXTENT IT PURPORTS TO ASSERT A PRIVATE CAUSE OF ACTION UNDER THE FEDERAL TRADE COMMISSION ACT ...................................................................................................9

    C.    COUNT THREE IS BARRED BY PENNSYLVANIA'S GIST-OF-THE-ACTION DOCTRINE ...................................................................................................10

V. VENUE IS NOT PROPER UNDER FED. R. CIV. P. 12(B)(3) ........................................11

VI. CONCLUSION ....................................................................................................12

# TABLE OF AUTHORITIES

## Cases

*Ashcroft* v. *Iqbal*, 129 S.Ct. 1937, 173 L.Ed2d 868, 556 U.S. 662, 664, 77 USLW 4387 (2009)..8, 9

*Burger King Corp*. v. *Rudzewicz*, 471 U.S. 462 (1985)....................................................5

*Evancho* v. *Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).....................................................9

*Fowler* v. *UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).................................9

*Gehling* v. *St. George's School of Medicine. Ltd*., 773 F.2d 539, 541-43 (3d Cir. 1985) ................6

*Hanson* v. *Denckla* 357 U.S. 235, 253 (1958) ...................................................5

*Helicopteros Nacionales de Colombia*, *S.A.* v. *Hall*, 466 U.S. 408, 414-16 (1984).......................5

*International Shoe Co*. V. *Washington*, 326 U.S. 310, 318 (1945)....................................6

*Kanter* v. *Barella*, 489 F.3d 170, 177 (3d Cir. 2007) .........................................9

*Reuben* v. *U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012)................................9

*Spuglio* v. *Cabaret Lounge*, 344 Fed.Appx. 724, 725 (3d Cir. 2009)..............................6

*Swatt* v. *Nottingham Vill.*, 2025 PA Super 138, 342 A.3d 23, 52, appeal denied, 352 A.3d 452 (Pa. 2025)........................................................10

*World-Wide Volkswagen Corp*. v. *Woodson*, 444 U.S. 286, 297 (1980) ...........................5

## Statutes

28 U.S.C. §§1391(b)(1) ..............................................................12

28 U.S.C. §§1391(b)(2) ..............................................................12

Federal Trade Commission Act. Sections 5 and 12 of the Act, 15 U.S.C. §§ 45 and 52...........9, 10

## Rules

Federal Rule Of Civil Procedure 12(b)(2)..................................................1, 2, 4, 5, 8, 12

Federal Rule Of Civil Procedure 12(b)(3)..................................................1, 2, 4, 11, 12

Federal Rule Of Civil Procedure 12(b)(6)...............................................1, 2, 4, 8, 10, 11, 12

ii

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL HOOVEN,                          )
          Plaintiff,                   )
                                  )
      v.                                )     Civil Action No. 2:26-cv-00542
                                  )
MIRACLE MOVERS, INC.,                   )
          Defendant.                  )

**DEFENDANT MIRACLE MOVERS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)**

AND NOW comes the DEFENDANT MIRACLE MOVERS, INC. by and through its counsel

Lee W. Davis, Esquire and the Law Offices of Lee W. Davis, Esquire, L.L.C., and files the

following Brief in Support of the Defendant's Motion to Dismiss pursuant to Rules 12(b)(2),

12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure. In support of Defendant's Motion

to Dismiss, Defendant states as follows:

## I.       INTRODUCTION

1.     The Plaintiff filed this Complaint against the wrong entity after previously pursuing the

same underlying moving services dispute in the Court of Common Pleas of Allegheny County,

Pennsylvania at AR 25-600 against a different entity. (Exhibit 1)

2.     Plaintiff did not sue Miracle Movers, Inc. in the Court of Common Pleas of Allegheny

County, Pennsylvania.

3.     Plaintiff sued only Miracle Movers of Pittsburgh, LLC, expressly alleging that Miracle

Movers of Pittsburgh, LLC was a Pennsylvania limited liability company headquartered in

Bethel Park, Pennsylvania, and that Plaintiff contracted with that LLC for the move at issue.

4.     Plaintiff now attempts to recast that same dispute as a federal case against Miracle

Movers, Inc., a North Carolina corporation.

1

5.     This Court lacks personal jurisdiction over Miracle Movers, Inc. because it is a North Carolina corporation, not a Pennsylvania entity, and Plaintiff cannot manufacture Pennsylvania jurisdiction by collapsing a separate Pennsylvania LLC into a different North Carolina corporation.

6.     The Complaint also fails to state a plausible claim against Miracle Movers, Inc. because the factual allegations concern the Pennsylvania LLC, local Pennsylvania personnel, and prior Pennsylvania proceedings against the LLC, not any direct actionable conduct by Miracle Movers, Inc.

7.     Additionally, the federal statutory theory is defective to the extent it purports to assert a private claim under the Federal Trade Commission Act.

8.     Count Three improperly attempts to recast a contract-performance dispute as negligence and negligence per se.

9.     The gravamen of this action is a Pennsylvania moving-dispute case that Plaintiff already pursued in Pennsylvania against Miracle Movers of Pittsburgh, LLC.

10.     The Plaintiff is not entitled to sue Miracle Movers, Inc. and ignore the separate legal existence of the LLC that the Plaintiff, himself, previously alleged was the contracting and moving services party.

11.     Accordingly, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and, to the extent necessary, Rule 12(b)(3).

## II.     BACKGROUND

12.     On April 1, 2026, the Plaintiff filed the instant Complaint (ECF 1) in this Court.

13.     The named defendant in this Complaint is Miracle Movers, Inc., which Plaintiff

2

describes as a North Carolina company with its principal place of business in Wilmington, North Carolina.

14.    Plaintiff's own Complaint, however, alleges that he engaged moving services through Miracle Movers of Pittsburgh, LLC and repeatedly attempts to tie Miracle Movers, Inc. to the move by alleging "control," "direction," or "ratification" of conduct by the Pittsburgh LLC.

15.    In the prior Allegheny County action arising from the same move, Plaintiff sued only Miracle Movers of Pittsburgh, LLC. In that pleading, Plaintiff alleged that Miracle Movers of Pittsburgh, LLC was a Pennsylvania limited liability company with its principal place of business at 2626 Strathmore Lane, Bethel Park, Pennsylvania, and that Plaintiff contracted with that LLC for the move at issue.

16.    Plaintiff's prior Allegheny County pleading asserted claims for breach of contract, Pennsylvania Unfair Trade Practices and Consumer Protection Law, and negligence arising from the same moving transaction.

17.    The Pennsylvania Public Utility Commission proceeding arising from the same move was likewise brought against Miracle Movers of Pittsburgh LLC, not Miracle Movers, Inc.

18.    The instant Complaint attempts to conflate two distinct entities into one.

19.    The Complaint attributes the alleged acts of local Pittsburgh personnel and the Pennsylvania LLC to Miracle Movers, Inc. of North Carolina through conclusory allegations of "control," "direction," and "ratification," but it does not plead facts sufficient to establish personal jurisdiction over Miracle Movers, Inc. in Pennsylvania and does not state a plausible claim against Miracle Movers, Inc.

20.    Miracle Movers of Pittsburgh, LLC was a separate legal entity from Miracle Movers,

3

Inc. and was not acting as a subsidiary, branch, franchisee, or satellite location of Miracle Movers, Inc.

21.     Miracle Movers of Pittsburgh, LLC. was an independent entity, not acting by and through any duly authorized agents, servants, and/or employees who were then and there acting within the course and scope of any employment with Defendant Miracle Movers, Inc. of North Carolina.

22.     Accordingly, the Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(3), and 12(b)(6). for lack of personal jurisdiction or improper venue, or failure to state a claim against Defendant Miracle Movers Inc.

23.     On April 16, 2025, Judgment in the amount of $27,657.70 plus costs was entered in Court of Common Pleas of Allegheny County, PA against Miracle Movers of Pittsburgh, LLC. (ECF 1-4)

24.     Plaintiff alleged that Miracle Movers of Pittsburgh, LLC was a Pennsylvania limited liability company headquartered in Bethel Park, PA and that Plaintiff contracted with that LLC for the move at issue.

25.     Having previously identified the Pennsylvania LLC as the contracting and moving party in the Court of Common Pleas of Allegheny County, Plaintiff cannot now plausibly state a claim against Miracle Movers, Inc. merely by relabeling the LLC's alleged conduct as conduct of a separate North Carolina corporation.

26.     Although Plaintiff pleads contract-based theories, no contract is attached to this Complaint, and Plaintiff's own prior Allegheny County pleading identifies Miracle Movers of Pittsburgh, LLC, and not Miracle Movers, Inc., as the entity with which Plaintiff contracted for the move. (Exhibit 1)

4

### III.      THIS COURT LACKS PERSONAL JURISDICTION OVER MIRACLE MOVERS, INC. UNDER FED. R. CIV. P. 12(B)(2)

27.      Plaintiff Hooven cannot meet the burden of establishing personal jurisdiction over the named Defendant Miracle Movers, Inc.

28.      The Plaintiff fails to overcome his burden establishing Personal Jurisdiction of this Court under Fed.R.Civ.P. 12(b)(2) either (1) "specific jurisdiction," by showing that the controversy arose from the defendant's activities within the forum state, or (2) "general jurisdiction," by showing that Miracle Movers, Inc. had "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia*, *S.A.* v. *Hall*, 466 U.S. 408, 414-16 (1984).

29.      To establish specific jurisdiction over a defendant, the Supreme Court has required the plaintiff to show not only that the current action arose from defendant's forum related activities, but also that "the defendant's conduct and connection with the forum State [is] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp*. v. *Woodson*, 444 U.S. 286, 297 (1980). In *Burger King Corp*. v. *Rudzewicz*, 471 U.S. 462 (1985), the Supreme Court explained when a defendant "reasonably anticipates" out-of-state litigation:

30.      'The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws,' 471 U.S. 462, 474-75 (1985) (quoting *Hanson* v. *Denckla* 357 U.S. 235, 253 (1958)). When the plaintiff asserts general jurisdiction, the plaintiff must show more than just minimum contacts; instead, these contacts must be continuous and systematic so as to "justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those [continuous

5

and systematic contacts*]." International Shoe Co*. V. *Washington*, 326 U.S. 310, 318 (1945). Once these "continuous and systematic" contacts have been established, a court is able to obtain jurisdiction over a non-resident defendant for actions that are not related to that forum. *Spuglio* v. *Cabaret Lounge*, 344 Fed.Appx. 724, 725 (3d Cir. 2009).

31.     The instant allegations, even accepted as true, and even seen in a light most favorable to Plaintiff, do not demonstrate Miracle Movers, Inc. of North Carolina had "continuous and systematic" contact with the Western District of Pennsylvania to establish general jurisdiction by this Court over it. *Gehling* v. *St. George's School of Medicine. Ltd*., 773 F.2d 539, 541-43 (3d Cir. 1985) (holding that the defendant's alleged contacts, (1) advertising in newspapers circulated throughout Pennsylvania; (2) having six percent of its enrolled students coming from Pennsylvania; (3) receiving tuition from Pennsylvania residents annually; (4) touring nine cities, including Philadelphia; and (5) establishing a joint international program with a Pennsylvania college, were not enough to establish the necessary contacts with Pennsylvania in order to support the exercise of general, and thus personal, jurisdiction over the out-of-state defendant). *Rieder* v. *Pima Cmty. Coll. Dist. Office*, Pages 3-5, (W.D. Pa. 2011)

32.     Miracle Movers, Inc. is a North Carolina corporation with its principal place of business in North Carolina. (Exhibit 2)

33.     As set forth in the Declaration of Samantha Wilhoit, Miracle Movers, Inc. is not registered to do business in Pennsylvania and has never maintained an office, employees, bank accounts, property, or a registered agent for service of process in Pennsylvania. (Exhibit 3)

34.     Defendant Miracle Movers, Inc. did not enter into a contract with Plaintiff, did not perform the move described in the Complaint, did not store Plaintiff's property in Pennsylvania, and did not issue the invoices described in the Complaint.

35. In the prior Allegheny County action arising from the same move, Plaintiff sued only Miracle Movers of Pittsburgh, LLC, expressly alleging that Miracle Movers of Pittsburgh, LLC was a Pennsylvania limited liability company with its principal place of business in Bethel Park, Pennsylvania, and that Plaintiff contracted with that LLC for the move at issue. (Exhibit 1)

36. The Pennsylvania Public Utility Commission proceeding arising from the same move was also brought against Miracle Movers of Pittsburgh LLC, not Miracle Movers, Inc. (ECF 1-6)

37. These prior Pennsylvania proceedings underscore that the Pennsylvania contacts alleged by Plaintiff belong to Miracle Movers of Pittsburgh, LLC and not to Miracle Movers, Inc.

38. The Plaintiff's Complaint attempts to manufacture jurisdiction over Miracle Movers, Inc. through conclusory labels that it "directed," "controlled," or "ratified" conduct by Miracle Movers of Pittsburgh, LLC.

39. However, conclusory labels cannot substitute for jurisdictional facts.

40. The records of the North Carolina Secretary of State (Exhibit 2) confirm that Miracle Movers, Inc. is a North Carolina entity.

41. The Wilhoit Declaration (Exhibit 3) establishes that Miracle Movers, Inc. is legally separate from Miracle Movers of Pittsburgh, LLC, has no ownership interest in that LLC, and that the LLC is not a subsidiary, branch, franchisee, or satellite location of Miracle Movers, Inc.

42. The Wilhoit Declaration identifies Samantha Piner Wilhoit as the declarant with personal knowledge of Miracle Movers, Inc.'s corporate status and lack of Pennsylvania contacts. (Exhibit 3)

43.     The Plaintiff cannot create personal jurisdiction over a North Carolina corporation by collapsing it into a separate Pennsylvania LLC he previously identified as the contracting and moving party.

44.     Because Miracle Movers, Inc. is not "at home" in Pennsylvania and did not purposefully avail itself of Pennsylvania in connection with the transaction at issue, this Court lacks personal jurisdiction over it.

45.     For all of the foregoing reasons, the Complaint should be dismissed pursuant to Rule 12(b)(2)..

**IV.     THE COMPLAINT FAILS TO STATE A CLAIM AGAINST MIRACLE MOVERS, INC. UNDER FED. R. CIV. P. 12(b)(6)**

**A.     THE PLAINTIFF PREVIOUSLY IDENTIFIED MIRACLE MOVERS OF PITTSBURGH, LLC, NOT MIRACLE MOVERS, INC., AS THE CONTRACTING AND MOVING PARTY**

46.     The Plaintiff has not stated a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) against Defendant Miracle Movers, Inc.

47.     "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Ashcroft* v. *Iqbal*, 129 S.Ct. 1937, 173 L.Ed2d 868, 556 U.S. 662, 664, 77 USLW 4387 (2009).

48.     Plaintiff's own prior pleading identifies Miracle Movers of Pittsburgh, LLC as the contracting party for the move at issue.

49.     This Complaint pleads no contract between Plaintiff and Miracle Movers, Inc. and alleges no facts showing that Miracle Movers, Inc. undertook the moving obligations at issue.

50.     Plaintiff therefore fails to connect Miracle Movers, Inc. to the alleged contractual relationship or the allegedly wrongful performance of the move.

51.     There is no privity of contract between Plaintiff and Defendant Miracle Movers, Inc.

52.    In a Motion to Dismiss for failure to state a claim, the Court must view all of the allegations and facts in the Complaint in the light most favorable to the Plaintiff, and must grant the Plaintiff, the benefit of all reasonable inferences that can be derived therefrom. *Kanter* v. *Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho* v. *Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)).

53.    However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See *Reuben* v. *U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler* v. *UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that District Courts "must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions").

54.    Because Plaintiff's own pleadings identify Miracle Movers of Pittsburgh, LLC, and not Miracle Movers, Inc. as the contracting and moving party, and because the Complaint pleads no facts tying Miracle Movers, Inc. to the alleged contractual relationship or **p**erformance of the move, the Complaint fails to state a claim against Miracle Movers, Inc. under Rule 12(b)(6).

**B.    COUNT TWO FAILS TO THE EXTENT IT PURPORTS TO ASSERT A PRIVATE CAUSE OF ACTION UNDER THE FEDERAL TRADE COMMISSION ACT**

55.    Count Two fails to the extent it purports to assert a private cause of action under the Federal Trade Commission Act. Sections 5 and 12 of the Act, 15 U.S.C. §§ 45 and 52, authorize enforcement by the Federal Trade Commission; they do not create a private right of action for an individual plaintiff seeking damages in federal court.

56.    Plaintiff cannot create a right to a private action where there is none.

57.    For the reasons stated, the Plaintiff cannot state a claim based directly on alleged violations of the FTC Act, and that portion of Count Two should be dismissed under Rule 12(b)(6).

## C.    COUNT THREE IS BARRED BY PENNSYLVANIA'S GIST-OF-THE-ACTION DOCTRINE

58.    Plaintiff's own pleadings show that the underlying moving dispute is contractual in nature, not tort-based.

59.    In the prior Allegheny County action arising from the same move, Plaintiff expressly alleged that he "contracted with Defendant Miracle Movers" and that the defendant in that case was Miracle Movers of Pittsburgh, LLC, a Pennsylvania limited liability company.

60.    By contrast, in this Complaint, Plaintiff sues Miracle Movers, Inc., a different entity, but does not plead any contract between Plaintiff and Miracle Movers, Inc., does not attach any contract with Miracle Movers, Inc., and does not identify any specific executory promise made by Miracle Movers, Inc. that was allegedly breached.

61.    "Where a plaintiff's theory rests on the alleged failure to perform promised services under an agreement, Pennsylvania law treats the claim as contractual in nature; the Pennsylvania Supreme Court has explained that a claim sounds in contract when it is founded on "the breach of any of the specific executory promises which comprise the contract."

Pennsylvania courts must review each claim individually to determine whether the plaintiff has alleged or offered sufficient proof (depending on the stage of the proceedings) that the defendant breached the particular duty (tort or contractual) for each particular claim." *Swatt* v. *Nottingham Vill.*, 2025 PA Super 138, 342 A.3d 23, 52, appeal denied, 352 A.3d 452 (Pa. 2025)

62.    *Swatt* does not save Plaintiff's Count Three.

63.    *Swatt* recognizes that tort and contract claims may sometimes be pleaded in the alternative, but it does not eliminate the duty-based analysis required by *Bruno*, nor does it permit a plaintiff to recast a contract-performance dispute as negligence where the only duties alleged arise from the parties' contractual agreement.

10

64.     This Complaint alleges that Defendant "agreed to safely store and move Plaintiff's possessions" and "assumed a duty to perform the storage and move consistent with industry standards and the 'utmost care and respect,'" then seeks negligence and negligence per se relief for the allegedly deficient performance of those same moving services.

65.     That is precisely the type of contract-performance breach that belongs in contract against the actual contracting party, Miracle Movers of Pittsburgh, LLC.

66.     For the reasons stated, because Plaintiff previously pleaded that the contracting party was Miracle Movers of Pittsburgh, LLC, and because this Complaint pleads no contract and no specific contractual promise by Miracle Movers, Inc., Count Three fails as a matter of law and should be dismissed under Rule 12(b)(6).

## V.     VENUE IS NOT PROPER UNDER FED. R. CIV. P. 12(B)(3)

67.     In the alternative, venue is improper as to Miracle Movers, Inc. under Rule 12(b)(3).

68.     Miracle Movers, Inc. does not reside in Pennsylvania and, as set forth above, did not contract with Plaintiff, did not perform the move at issue, and did not engage in the conduct in Pennsylvania that Plaintiff attempts to attribute to it.

69.     To the extent Plaintiff relies on events in Pennsylvania to establish venue, those events concern Miracle Movers of Pittsburgh, LLC, the separate Pennsylvania entity Plaintiff previously identified as the contracting and moving party.

70.     Accordingly, if the Court concludes that Miracle Movers, Inc. cannot be haled into this District based on the LLC's alleged conduct, venue is likewise improper as to Miracle Movers, Inc.

71.     Venue is not proper in the United States District Court for the Western District of Pennsylvania under 28 U.S.C. §§1391(b)(1) and 28 U.S.C. §§1391(b)(2) because there can be no

11

substantial part of the events or involve any performance to occur in the Western District of Pennsylvania by Defendant Miracle Movers, Inc. as required by 28 U.S.C. §§1391(b)(1).

72.     Defendant Miracle Movers, Inc.'s principal place of business and registered address is North Carolina. (Exhibit 2)

73.      The Defendant Miracle Movers, Inc. does not reside in the Western District of Pennsylvania as required by 28 U.S.C. §§1391(b)(1), nor did any substantial part of events or omissions occur by Defendant Miracle Mover, Inc.'s actions or inactions within the judicial district, the Western District of Pennsylvania. A civil action may be brought in (1) a judicial district in which any defendant resides or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. §§1391(b)(1)

74.     For the forgoing reasons, venue is improper in the United States Distrct Court for the Western District of Pennsylvania as to Miracle Movers, Inc. under Rule 12(b)(3).

## VI.    CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendant Miracle Movers, Inc. respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety as against Miracle Movers, Inc. for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and, in the alternative, for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), and award such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Lee W. Davis (Pa ID 77420)
Law Offices of Lee W. Davis, Esquire, L.L.C.
5239 Butler St. STE 201

12

Pittsburgh, PA 15201
(412) 781-0525
lee@leewdavis.com

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing DEFENDANT MIRACLE

MOVERS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO

FEDERAL RULE OF CIVIL PROCEDURE 12(B) and Exhibits 1-3 has been served

electronically through the Court's CM/ECF system upon all parties registered to receive

electronic notice in this case on this June 1, 2026.

Respectfully Submitted,

_____

Lee W. Davis, Esquire (PA ID 77420)
Law Offices of Lee W Davis, Esquire, L.L.C.
5239 Butler Street, Ste 201
Pittsburgh, Pa  15201
(412) 781-0525
lee@leewdavis.com

Counsel for Defendant
Miracle Movers, Inc.