**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

DANIEL HOOVEN,

    Plaintiff,

    vs.

MIRACLE MOVERS, INC.,              Civil Action No.: 26-cv-00542

    Defendant.

**PLAINTIFF'S BRIEF IN OPPOSITION TO**
**DEFENDANT MIRALCE MOVERS, INC.'S MOTION TO DISMISS**

AND NOW, come the Plaintiff, by and through his undersigned counsel, and files the within Brief in Opposition to Defendant Miracle Movers, Inc.'s Motion to Dismiss and Brief in Support (ECF No. 10 & 11), averring as follows:

**INTRODUCTION**

As detailed in Plaintiff's Complaint (ECF No. 1), Plaintiff's claims stem from the damage he sustained as a result of the false and misleading advertising by Defendant Miracle Movers, Defendant's intentional and/or negligent violations of both state and federal statutes and regulations designed to prevent the type of harm suffered by Plaintiff, and Defendant's negligence in the operation, maintenance, and oversight of its franchise location here in Pittsburgh. *See generally* Plaintiff's Complaint (ECF No. 1).

Plaintiff suffered tremendous damage because of the actions and/or inactions of the Defendant. Not only does Plaintiff seek recovery of all damages owed to him and permissible by law, but Plaintiff also requests this Honorable Court exercise its injunctive relief power in the interest of public policy to prevent Defendant from continuing to perpetrate such atrocities against other consumers. Given the conduct of the Defendant outlined in Plaintiff's Complaint coupled

with the representations made by Defendant to this Honorable Court in its Motion to Dismiss, this Honorable Court should deny Defendant's Motion in its entirety and allow this case to proceed to discovery.

In typical Miracle Mover's fashion, the Defendant continues its efforts to attempt to evade responsibility for its actions by putting forth provably false statements in their Motion to Dismiss. Amongst other arguments, the primary focus of Defendant's Motion is that Miracle Movers has never done business in Pennsylvania and is in no way connected to Miracle Movers of Pittsburgh, LLC. *See generally* Defendant's Motion to Dismiss (ECF No. 10) at ¶ 6 and Ex. 3. Defendant raises jurisdiction, venue, and generic pleading arguments in its Motion to Dismiss. In support of its arguments, Defendant presents a sworn Affidavit from Samantha Wilhoit. *See* Exhibit 3 to Defendant's Brief in Opposition (ECF No. 11). The most glaring problem with Ms. Wilhoit's representations is they are false and stand in direct contradiction to Defendant's own Pennsylvania Public Utility Commission Application for Services signed by Ms. Wilhoit herself. The arguments raised by Defendant also directly contradict Defendant's website and its actions directly before the initiation of the instant litigation by Plaintiff.

For the reasons identified herein, Plaintiff requests this Honorable Court to deny Defendant's Motion in its entirety. In the alternative, if this Honorable Court is inclined to believe Defendant's arguments, Plaintiff requests discovery related to these issues to further develop evidence related to the relationship between Defendant and Miracle Movers of Pittsburgh, LLC, along with discovering further information in preparation for any potential sanctions pursuant to Federal Rule of Civil Procedure 11.

## LEGAL STANDARD

A motion to dismiss pursuant to 12(b)(2) specifically relates to matters involving the Court's exercise of personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). To defeat a 12(b)(2) motion, a plaintiff may rely on affidavits, or other evidence. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3rd Cir. 2009). If the Court does not conduct an evidentiary hearing on the matter, the plaintiff "**need only plead [a] prima facie case**" of jurisdiction to defeat a motion to dismiss. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142, n. 1 (3rd Cir. 1992) (emphasis added). When reviewing a motion to dismiss for lack of personal jurisdiction, the Court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Id.* In this case, as detailed herein, there is ample evidence to support Defendant being subjected to the personal jurisdiction of this Honorable Court.

A motion to dismiss pursuant to 12(b)(3) specifically relates to proper venue for the action. Fed. R. Civ. P. 12(b)(3). Venue is proper in a district where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). In deciding a motion to dismiss for improper venue under 12(b)(3), the Court must "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." Bockman v. First Am. Mktg. Corp., 459 Fed. Appx. 157, 157 n. 1 (3rd Cir. 2012). The Court "may evaluate facts outside the complaint to determine proper venue; however, all reasonable inferences must be drawn in the plaintiff's favor." Rabner v. Titelman, No. 15-1313, 2016 WL 1613444, at *4 (W.D. Pa. Apr. 22, 2016).  As detailed in Plaintiff's Complaint, a substantial portion of the actions giving rise to Plaintiff's claims occurred within this venue thus making it proper for the instant matter.

A motion to dismiss pursuant to 12(b)(6) tests the legal sufficiency of the plaintiff's claims. In evaluating Plaintiff's Complaint, this Honorable Court must "determine whether the facts as

3

alleged in the Complaint are sufficient to state that the plaintiff has a 'plausible claim for relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203,211-212 (3ʳᵈ Cir. 2009). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claim must be plausible on its face and "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." Wilkerson v. New Media Tech Charter Sch. Inc., 522 F.3d 315, 321 (3ʳᵈ Cir. 2008).

Specifically related to Plaintiff's instant action against the Defendant, the pleadings sufficiently state valid causes of action for all of Plaintiff's claims. Plaintiff has gone to painstaking detail to fully explain why the Defendant is liable in this case. *See generally* Plaintiff's Complaint (ECF No. 1) at ¶ 16 – 142. While no consideration should be given to any material beyond the pleading (Prima v. Darden Rests., Inc., 78 F. Supp. 2d 337, 342 (D.N.J. 2000)), reliance can be made by a court on matters outside the complaint as "[a]n exception…when the Court relies upon documents to which the plaintiff refers in the complaint." *Id.* at 343.

A valid complaint requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claim must be plausible on its face and "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." Wilkerson v. New Media Tech Charter Sch. Inc., 522 F.3d 315, 321 (3ʳᵈ Cir. 2008). To survive a motion to dismiss, a plaintiff's complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In determining the sufficiency of the complaint, the court must accept as true all well-pled factual allegations and draw all reasonable inferences therefrom in the light most favorable to the non-moving party. Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3ʳᵈ Cir. 2003). The complaint need only to state **enough facts**

4

**to raise a reasonable expectation that discovery will reveal evidence of the necessary elements** and is not intended to formulate issues or fully summarize the facts involved. *See* Phillips v. County of Allegheny, 515 F.3d 224 (3rd Cir. 2008) and Hill v. MCI WolrdCom Communications, Inc., 141 F. Supp. 2d 1205 (S.D. Iowa 2001) (emphasis added). Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Thankfully, Plaintiff's claims are nowhere close to improbable. As detailed in Plaintiff's Complaint and discussed herein, all of Plaintiff's claims are very real and warrant significant damages paid to Plaintiff. Plaintiff's claims also warrant a reckoning against Defendant to prevent this company from perpetrating these harms against other consumers.

All of Defendant's arguments raised in its Motion to Dismiss must be denied based on Plaintiff's pleading and the information contained herein. As further explained in this brief, Plaintiff has sufficiently pled his facts and provided enough information to survive Defendant's Motion to Dismiss. Alternatively, Plaintiff is entitled to discovery to further develop the facts to support his claims of ownership and control of Defendant's Pittsburgh franchise.

## ARGUMENT

### A. There is significant evidence connecting Defendant Miracle Movers to Miracle Movers of Pittsburgh, LLC justifying this Honorable Court denying Defendant's Motion to Dismiss in its entirety

Defendant Miracle Movers goes to great lengths to attempt to confuse this Honorable Court and distance themselves from Miracle Movers of Pittsburgh, LLC. More specifically, Defendant argues that Miracle Movers, Inc. and Miracle Movers of Pittsburgh, LLC are two different companies. In support of its false argument, Defendant provides a sworn affidavit from Samanta Wilhoit saying Defendant has no ownership interest in the company [Miracle Movers of

5

Pittsburgh, LLC] and she further states there is no connection as either a "subsidiary, branch of, franchisee of, or satellite location of [Defendant] Miracle Movers, Inc." *See* Ex. 3 to Defendant's Brief in Opposition (ECF No. 11) at ¶ 14-17. The main problem with this assertion is that it is provably false. The other problem is that Defendant consented to do business within the Commonwealth of Pennsylvania thus subjecting it to jurisdiction for its actions and inactions. *See* Mallory v. Norfolk S. Ry. Co., 600 U.S. 122, 135, 144 (2023) (*citing* Pennsylvania Fire Ins. Co. of Phila. V. Gold Issue Min. & Mill Co., 243 U.S. 93 (1917)).

Ms. Wilhoit herself filed two signed and sworn applications with the Pennsylvania Public Utility Commission (hereinafter either "PA PUC" or "PUC") on behalf of the Defendant to operate in the Commonwealth of Pennsylvania. *See* Exhibits A and B. One application is for Defendant Miracle Movers, Inc. and the other is for its subsidiary franchise Miracle Movers of Pittsburgh, LLC. Defendant also uses the same address location as the Defendant's (North Carolina) corporation and the same US DOT Number (2461529) held by Defendant Miracle Movers and identified in Plaintiff's Complaint at ¶ 7. Attached as Exhibit A and B is Defendant's PUC application to operate within Pennsylvania, signed by Ms. Wilhoit. It is for Defendant Miracle Movers, Inc. to operate as both an interstate carrier and an in-state moving company through Miracle Movers of Pittsburgh, LLC.

Exhibits A and B surely call into question the veracity of Ms. Wilhoit's current assertions and potentially rise to the level of perjury in submitting a false sworn statement to this Honorable Court. This of course is not surprising given Defendant's actions in operating its business and treatment of customers like Plaintiff. Furthermore, this documentary evidence is further proof that Defendant Miracle Movers, Inc. is the parent company of franchisee Miracle Movers of Pittsburgh, LLC, thus subjecting it to jurisdiction, venue, and the current claims made by Plaintiff. This

evidence alone is enough to defeat Defendant's Motion to Dismiss pursuant to 12b(2), (3), and (6). This evidence furthermore could give rise to Rule 11 sanctions for the submission of false swearing before this Honorable Court. Plaintiff will explore these options following this Honorable Court's ruling on the instant Motion.

In addition to the Defendant's own PUC applications (Ex. A and B), Exhibits C and D are screenshots using the internet database called the "Wayback Machine" which show Pittsburgh listed as a franchise location on Defendant Miracle Mover's own website. While Defendant may think its current edits to its website (in addition to its abject failure to legally close its Pittsburgh location with the PUC) are a cleaver trick to fool this Honorable Court into believing it never operated in Pittsburgh, Defendant Miracle Movers failed to remember that the internet never forgets. This evidence shows that at the time of the incidents forming the basis of Plaintiff's Complaint, Defendant Miracle Movers, Inc. was the corporate entity overseeing and controlling the franchise location Miracle Movers of Pittsburgh, LLC. *See* Exhibits C and D. This evidence directly contradicts the arguments raised by Defendant in response to its Motion to Dismiss pursuant to 12(b)(2), (3), and (6). This evidence, taken in the light most favorable to Plaintiff, warrants denial of Defendant's Motion to Dismiss.

Finally, Exhibit E is a filing by former Miracle Mover's manager Andrew Zeffiro (mentioned numerous times throughout Plaintiff's Complaint) whereby he provides the timeline of Defendant Miracle Mover's creation of its Pittsburgh franchise. Mr. Zeffiro specifics how Samantha Wilhoit signed the documents to open Defendant Miracle Movers, Inc.'s Pittsburgh franchise. *See* Exhibit E at ¶ 4. This document also references Ms. Wilhoit being named as the legal entity responsible for opening the Miracle Movers of Pittsburgh, LLC franchise for Defendant Miracle Movers.

In addition to the documentary evidence provided by Plaintiff in response to Defendant's Motion to Dismiss, there is evidence in Plaintiff's Complaint that shows the connection between Defendant and its franchise location. Miracle Movers of Pittsburgh, LLC used Defendant Miracle Mover's corporate claim forms following the damage done to Plaintiff's property (*See* Plaintiff's Complaint (ECF No. 1) at ¶ 74). Defendant's employee Matt Oates also communicated with counsel for Plaintiff to attempt to resolve Plaintiff's claim and judgment against Miracle Movers of Pittsburgh, LLC (*See* Plaintiff's Complaint (ECF No. 1) at ¶ 103). Accordingly, there is overwhelming evidence to support that Defendant Miracle Movers, Inc. was the parent to Miracle Movers of Pittsburgh, LLC. This is sufficiently pled in Plaintiff's complaint to provide plausible relief on its fact for all of Plaintiff's claims against the Defendant. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). There is more than enough plausibility present in Plaintiff's Complaint and the evidence presented in this brief which allows this Honorable Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. This includes misconduct for false advertising, consumer protection violations, and negligence/negligence *per se.*

Based on all of the foregoing evidence, Plaintiff's claims against Defendant should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2), (3), or (6), and this Honorable Court should deny the Defendant's Motion to Dismiss.

**B. Plaintiff has sufficiently pled negligence and negligence *per se* against the Defendant to overcome Defendant's 12(b)(6) arguments**

Plaintiff's Complaint goes into painstaking detail over 126 paragraphs (*See* ECF No. 1 ¶ 16 – 142) to explain how Defendant Miracle Movers is both directly and vicariously liable. This includes direct negligence for the operation of its company overall, and directly and vicariously for negligence through its operation, monitoring, oversight, and ratification of the conduct at its

Pittsburgh franchise. Defendant is therefore liable for all the damages Plaintiff sustained. Plaintiff has satisfied his pleading burden in this case and has presented sufficient evidence to support his claims for negligence and negligence *per se.* For the reasons detailed herein, this Honorable Court should deny Defendant's 12(b)(6) motion.

Under Pennsylvania law, a common-law negligence claim requires proof of the following elements: (1) the defendant owed the plaintiff duty; (2) the defendant breached that duty; (3) a causal connection exists between the defendant's conduct and the resulting injury; and (4) actual damages occurred. *See* Klar v. Dairy Farmers of Am., Inc., 300 A.3d 361, 381, n. 95 (Pa. 2023) (*citing* Grove v. Port. Auth. Allegheny Cnty., 218 A.3d 877, 889 (Pa. 2019). Plaintiff's Complaint is sufficiently pled related to his claims for negligence and sufficiently puts the Defendant Miracle Movers on notice of its direct liability (related to false/misleading advertisement, its abject failures related to the federal trade commission regulations and federal motor carrier regulations, and negligence of its operations related to its franchise location and the ratification of such conduct) along with its vicarious liability through its franchise.

In Pennsylvania, an employer can be held liable for the actions of its employees if it knew or should have known through the exercise of ordinary care, that individuals are exposed to a risk of harm through its employees. *See* Hutchison v. Luddy, 742 A.2d 1052, 1061-62 (Pa. 1999). Defendant's "continued adherence to an approach they know or should know has failed to prevent tortious conduct by its employees" is sufficient to defeat Defendant's Motion to Dismiss and allow litigation to proceed with the claims as alleged in Plaintiff's Complaint. *See* Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 407 (3rd Cir. 1997).

Specifically related to Defendant Miracle Movers vicarious liability, Defendant was aware of the conduct outlined in Plaintiff's Complaint at its Pittsburgh location and either ignored such

conduct or ratified the conduct through its actions and/or inactions. Regardless of the manner by which the Defendant allowed the harm suffered by Plaintiff to be perpetrated by its company, there is sufficient evidence pled in Plaintiff's Complaint to warrant continued litigation related to Plaintiff's claims of negligence and negligence *per se* against the Defendant.

As a corporation operating within the Commonwealth of Pennsylvania, Defendant clearly had a duty to ensure that the actions of its location were not conducted in a negligent, reckless, or careless manner. Defendant breached that duty in multiple ways as outlined by Plaintiff in his complaint and these breaches caused Plaintiff damage. Not only do Plaintiff's allegations support a claim for direct negligence against the Defendant, but Defendant is also vicariously liable for the actions of its franchise.

Plaintiff is also entitled to bring a claim for negligence *per se* for any statutory and regulatory violations he proves. The concept of negligence *per se* establishes both duty and breach of duty where an individual violates an applicate statute, ordinance, or regulation designed to prevent public harm. Cabiroy v. Scipione, 2001 Pa. Super. 29, 767 A.2d 1078, 1079 (Pa. Super. Ct. 2001). Negligence *per se* is a concept that can be used to show negligence on the part of the Defendant before proving causation. *Id.* In order for this Honorable Court to sustain Defendant's Motion to Dismiss related to Plaintiff's claims that Defendant negligently and/or intentionally violated federal law and regulations and Commonwealth statutes and regulations, this Honorable Court must be convinced that based "on the facts averred, the law says with certainty that no recovery is possible." Mistick, Inc. v. Nw. Nat. Cas. Co., 806 A.2d 39, 42 (Pa. Super. Ct. 2002).

The laws and regulations cited by Plaintiff in his complaint (*See* ¶ 153, 158, 171 of ECF No. 1) clearly support Plaintiff's recovery for the damages sustained as a result of the Defendant's conduct. The consumer protection statutes, public utility commission laws and regulations, and

motor carrier statutes and regulations exist to prevent the exact harm Plaintiff suffered. To deny Plaintiff's opportunity at this stage in the litigation to further develop these claims would be contrary to the purpose of the law and the right to seek redress before this Honorable Court for the injuries sustained by Plaintiff. Given the context of the case at issue, specifically Plaintiff sustaining significant damage and loss because of the Defendant's intentional and/or negligent violations of state and federal laws and regulations, Plaintiff's claims for negligence *per se* are properly pled.

Pennsylvania courts have clearly established that a plaintiff asserting a negligence *per se* properly relies upon a statute where: (1) the statute is designed to protect a particular class of individuals from the type of harm suffered [consumers protected from false advertising, items and goods covered by insurance, and motor carriers adhering to the law], and (2) the claim will further the purpose of the statute. *See* Cabiroy, 767 A.2d at 1081. All of Plaintiff's claims and requests for injunctive relief clearly fit this purpose as the Defendant's conduct, both directly and vicariously through the actions and inactions of its franchise location, warrant compensating Plaintiff for all of the damage he has suffered and preventing Defendant from causing harm to any other individuals. It is imperative that this Honorable Court allow this case to proceed and use its injunctive power to shut down the Defendant's operation. Without this lawsuit proceeding, Defendant Miracle Movers will continue to cause untold and unchecked damage to its customers in Pennsylvania, North Carolina, and anywhere else this company decides to continue its reign of terror.

## **CONCLUSION**

Based on all of the foregoing, Plaintiff respectfully requests this Honorable Court deny Defendant's Motion to Dismiss in its entirety. In the alternative, should this Honorable Court

determine it requires more information to develop a factual record related to the issues raised by the Defendant, Plaintiffs request a Corporate Representative deposition to develop the record that Defendant Miracle Movers, Inc. created the franchise location Miracle Movers of Pittsburgh, LLC. This will also be important for an analysis regarding whether Samatha Wilhoit submitted knowingly false information before this Honorable Court, which will be relevant to any future sanctions motions counsel for Plaintiff may choose to pursue.

Respectfully submitted,

By: /s/ Max Petrunya
    MAX PETRUNYA, ESQUIRE
    Pa. I.D. No.: 309122

    MAX PETRUNYA, P.C.
    5 Bayard Rd. Unit 917
    Pittsburgh, PA 15213
    (412) 720-3497
    maxpetrunyapc@gmail.com

    Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the PLAINTIFF'S BRIEF IN OPPOSITION

TO DEFENDANT'S MOTION TO DISMISS was served electronically through the Western

District of Pennsylvania's ECF/CM system.

Date: 6-22-26                    By: /s/ Max Petrunya

                                 Max Petrunya, Esquire

                                 Counsel for Plaintiff

13